UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

DENNIS SIMMON, NASHON SIMON and
VIVIAN SIMON,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MICHAEL
JIMENEZ, ALEXANDER GRANDSTAFF,
MATTHEW LAMENDOLA, TANYA
GREEN, DENISE GRANUM, JOHN
DOES, JANE DOE, and JOHN/JANE
DOES NUMBERED 3-15,

Defendants.
-------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS CITY OF
NEW YORK, JIMINEZ,
GRANDSTAFF, AND
LAMENDOLA**

**JURY TRIAL DEMANDED**

21-CV-6868 (WFK)(JRC)

Defendants City of New York, Michael Jimenez, Alexander Grandstaff, and Matthew Lamendola (hereinafter "defendants") by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that a homicide occurred within the confines of the 75th Precinct, Brooklyn, NY on January 1, 2019.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that on January 1, 2019 plaintiff Dennis Simon violated a condition of his parole. Further,

defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint as they pertain to unidentified members of the New York City Police Department (hereinafter "NYPD").

5.      Deny the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except admit that a document purported to be a Notice of Claim was received by the Comptroller's Office.

11.      Deny the allegations set forth in paragraph "11" of the Complaint, except admit that on May 30, 2019 a 50-h hearing was conducted with plaintiff Dennis Simon.

12.      The allegations set forth in paragraph "12" of the Complaint are not averments of fact that require a response.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Complaint.

14.      Deny the allegations set forth in paragraph "14" of the  Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State

of New York and City of New York, and respectfully refer plaintiffs and the Court to the New York City Charter.

15.    Deny the allegations set forth in paragraph "15" of the Complaint, except admit that defendant Jimenez is employed by NYPD and that plaintiffs purport to proceed as set forth therein. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

16.    Deny the allegations set forth in paragraph "16" of the Complaint, except admit that defendant Grandstaff is employed by NYPD and that plaintiffs purport to proceed as set forth therein. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, except admit that defendant Lamendola is employed by NYPD and that plaintiffs purport to proceed as set forth therein. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint as they pertain to an unidentified member of the NYPD, except admit that plaintiffs purport to proceed as set forth therein. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint as they pertain to an unidentified member of the NYPD, except admit that plaintiffs purport to proceed as set forth therein. Defendants

further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint as they pertain to unidentified members of the NYPD, except admit that plaintiffs purport to proceed as set forth therein.  Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.  Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.  Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint and respectfully refer plaintiffs and the Court to the Search Warrant issued by Kings County Criminal Court Judge Novillo dated January 1, 2019 annexed hereto as "Exhibit A."

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint, except admit that a homicide occurred within the confines of the 75th Precinct, Brooklyn, NY on January 1, 2019.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint and respectfully refer plaintiffs and the Court to the Notice of Violation referenced by plaintiffs in paragraph "36" for a full and accurate recitation of its contents.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint, except admit that a final hearing was heard before an Administrative Law Judge.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the final hearing was adjourned.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that the final hearing was continued on February 4, 2019.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint and respectfully refer plaintiffs and the Court to the Order to Lift Warrant dated February 4, 2019 for a full and accurate recitation of its contents.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint as it pertains to plaintiff Dennis Simon's employment.

50.     In response to the allegations set forth in paragraph "50" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

56.     Deny the allegations set forth in paragraph "56" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

61.    Deny the allegations set forth in paragraph "61" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

62.    Deny the allegations set forth in paragraph "62" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint.

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

67.    In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

68.    Deny the allegations set forth in paragraph "68" of the Complaint.

69.    Deny the allegations set forth in paragraph "69 a-c" of the Complaint.

70.    Deny the allegations set forth in paragraph "70 d-f" of the Complaint.

71.    Deny the allegations set forth in paragraph "71 g-j" of the Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Complaint and respectfully refer plaintiffs and the Court to the CCRB Report referenced by plaintiffs in paragraph "72" for a full and accurate recitation of its contents.

73.    Deny the allegations set forth in paragraph "73" of the Complaint and respectfully refer plaintiffs and the Court to the CCRB Report referenced by plaintiffs in paragraph "73" for a full and accurate recitation of its contents.

74.    Deny the allegations set forth in paragraph "74" of the Complaint and respectfully refer plaintiffs and the Court to the CCRB Report referenced by plaintiffs in paragraph "74" for a full and accurate recitation of its contents.

75.    Deny the allegations set forth in paragraph "75" of the Complaint and respectfully refer plaintiffs and the Court to the CCRB Report referenced by plaintiffs in paragraph "75" for a full and accurate recitation of its contents.

76.    Deny the allegations set forth in paragraph "76" of the Complaint and respectfully refer plaintiffs and the Court to the CCRB Report referenced by plaintiffs in paragraph "76" for a full and accurate recitation of its contents.

77.    Deny the allegations set forth in paragraph "77" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

78.    Deny the allegations set forth in paragraph "78" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

79.    Deny the allegations set forth in paragraph "79" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

80.    Deny the allegations set forth in paragraph "80" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

81.    Deny the allegations set forth in paragraph "81" of the Complaint.

82.    In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

83.    Defendants state that the allegations in paragraph "83" of the Complaint contain conclusions of law, and accordingly, no response is required.

84.    Deny the allegations set forth in paragraph "84" of the Complaint.

85.    Deny the allegations set forth in paragraph "85" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

86.    Deny the allegations set forth in paragraph "86" of the Complaint.

87.    Deny the allegations set forth in paragraph "87" of the Complaint.

88.    Deny the allegations set forth in paragraph "88" of the Complaint.

89.    In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

90.    Defendants state that the allegations in paragraph "90" of the Complaint contain conclusions of law, and accordingly, no response is required.

91.    Deny the allegations set forth in paragraph "91" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

92.    Deny the allegations set forth in paragraph "92" of the Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Complaint.

94.    Deny the allegations set forth in paragraph "94" of the Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Complaint.

96.    In response to the allegations set forth in paragraph "96" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

97.    Defendants state that the allegations in paragraph "97" of the Complaint contain conclusions of law, and accordingly, no response is required.

98.    Deny the allegations set forth in paragraph "98" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

99.    Deny the allegations set forth in paragraph "99" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    In response to the allegations set forth in paragraph "105" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

106.    Deny the allegations set forth in paragraph "106" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

107.    Deny the allegations set forth in paragraph "107" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    In response to the allegations set forth in paragraph "112" of the Complaint, defendants repeat and re-allege their response set forth within the preceding paragraphs as though fully set forth herein.

113.    Deny the allegations set forth in paragraph "113" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

115.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

116.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

117.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

118.    There was probable cause for plaintiffs' detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

119.    Defendants City, Jimenez, Grandstaff, and Lamendola have not violated any rights, privileges, or immunities under the Constitution of law of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

120.    Defendants Jimenez, Grandstaff, and Lamendola have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

121.    To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq.*

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

122.    At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on plaintiffs' state law claims.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

123.    At all times relevant to the acts alleged in the Complaint, defendants Jimenez, Grandstaff, and Lamendola acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

124.    Punitive damages are not recoverable against the City of New York.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

125.    Venue is improperly laid in this district and the action should be dismissed pursuant to the *Colorado River* abstention doctrine.

**AS AND FOR A TWELTH AFFIRMATIVE DEFENSE:**

126.    The  Complaint fails to state a claim upon which relief can be granted pursuant the N.Y.C. Administrative Code § 8-801 *et seq.* as the sections were not enacted until after the date of the incident alleged in the Complaint and do not retroactively apply.

**WHEREFORE,** defendants City of New York, Michael Jimenez, Alexander Grandstaff, and Matthew Lamendola request judgment dismissing the  Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
            April 4, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Jimenez,*
*Grandstaff, and Lamendola*
100 Church Street, Room 3-194
New York, New York 10007
Phone: (212) 356-2334

By:    /s/ *Elida M. Alfaro*

Elida M. Alfaro
*Assistant Corporation Counsel*
Special Federal Litigation Division

**BY ECF**
cc:    Yan Fu, Esq.
            *Attorney for Plaintiffs*