

**THE CITY OF NEW YORK**

**SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIDA M. ALFARO**
*Assistant Corporation Counsel*
Phone: (212) 356-2334
Fax: (212) 356-3509
ealfaro@law.nyc.gov

August 15, 2022

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Simon, et al. v. The City of New York, et al.*, 21 CV 6868 (WFK) (JRC)

Your Honor:

I am the attorney in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants City of New York, Michael Jimenez, Alexander Grandstaff, and Matthew Lamendola (collectively "City defendants") in the above-referenced matter. Plaintiffs' counsel, Mr. Yan Fu, Esq., and the undersigned write jointly pursuant to the Court's August 1, 2022 Order to provide the parties' respective positions regarding City defendants request that this matter be stayed until November 14, 2022. For the reasons explained more fully herein, City defendants respectfully request that this matter be stayed in light of the NYPD's pending criminal investigation into the incident that is the subject of this lawsuit. Defendants Tanya Green and Denise Granum also join in this request, and plaintiffs' consent to this request. This is the first request for a stay of proceedings in this matter. All parties reserve their rights with respect to requesting or opposing any further stay after the 90-day period.

Furthermore, as discussed below, plaintiffs respectfully request that, if the Court grants the request for a discovery stay, the Court also stay the statute of limitations for plaintiffs' § 1983 claims during the pendency of the discovery stay and for sixty days thereafter. The current deadline for plaintiffs to comply with the statute of limitations for the unlawful search and false arrest claims is August 17, 2022. This is the first request for a stay of the statute of limitations. City defendants oppose this request.

By way of background, plaintiffs Dennis Simon, Vivian Simon, and Nahshon Simon (collectively "plaintiffs") filed the Complaint in this action on December 13, 2021 alleging

that on January 1, 2019 officers from the New York City Police Department forced their way into plaintiffs' home without a warrant and subsequently took plaintiff Dennis Simon into custody. *See* Compl. ¶ 2-3. Following plaintiff Dennis Simon's time in custody, which included questioning regarding an active homicide investigation, the Complaint alleges that City defendants conspired with Parole Officers, defendants Tanya Green and Denise Granum, to charge plaintiff Dennis Simon with a violation of his parole. *See* Compl. ¶ 4, 113. Plaintiffs claim that this alleged incident resulted in plaintiff Dennis Simon's false arrest, malicious prosecution, violations of all plaintiffs' Fourth and Fourteenth Amendment rights, and a claim for municipal liability under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978). Since commencing discovery, this Office has learned that the homicide investigation that was the subject of plaintiff Dennis Simon's questioning is ongoing. As such, a stay is necessary so as not to jeopardize the NYPD's investigation in any way.

**City Defendants' Position:**

Federal courts have the inherent power and discretionary authority to stay a case if the interest of justice so requires. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution . . . .[and] sometimes at the request of the defense."); *Kashi v. Gratsos*, 790 F. 2d 1050, 1057 (2d Cir. 1986) ("The district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute…."). Until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the New York City Police Department or the Kings County District Attorney's Office during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, No. 99-CV-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, defendants will be unable to effectively respond to present and anticipated discovery demands and the Fifth Amendment privilege of individuals who may be the subject of the investigation could be implicated by interviews or depositions.

In support of this request, City defendants annex hereto the Declaration of Robert F. Fordera, Esq., Managing Attorney of the Subpoena Litigation Unit, in the Office of the Deputy Commissioner, Legal Matters of the New York City Police Department. Notably, Mr. Fordera confirms that the NYPD's investigative file into the underlying homicide related to this matter contains sensitive information including, but not limited to, the names, addresses and statements of witnesses to the crime, potential evidence such as photographs that may be used to generate further investigative leads or in future criminal prosecution. *See* Declaration in Support ¶ 7. Therefore, according to Mr. Fordera, as present and future anticipated discovery demands would implicate the production of such items, their disclosure could serve only to jeopardize, not only

potential leads and theories of the matter, but the safety and cooperation of the individuals involved. *Id*. at ¶ 6, 8.

Additionally, plaintiffs will not be prejudiced by a temporary stay in this case as any potential prejudice would be significantly diminished by the fact that the New York City Police Department is investigating the incident. Therefore, should a stay be granted until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiffs.

Plaintiffs' concern as to the effect the stay in discovery may have on his ability to amend the complaint within the statute of limitations does not justify denying defendants' request for a stay.  To date, plaintiffs have been provided with adequate information regarding the identities of officers involved in the underlying incident to enable them to amend their complaint. Specifically, plaintiffs have the names of at least six individuals, not including the presently named City defendants or those otherwise identified in the documents previously produced to plaintiffs', as having some degree of involvement in this action.  Although, despite diligent efforts the undersigned has been unable to identify individual patrol officers who may have safe guarded plaintiffs' residence while the search warrant application was being generated and ultimately granted, it is of no consequence as upon information and belief, it was the individual detectives involved in the search of plaintiffs' residence and their information has already been provided. For those reasons, a stay in discovery has no consequence on counsel's ability to amend within the statute of limitations.

**Plaintiffs' Position:**

Plaintiffs consent to City defendants' request for a stay of discovery.  However, plaintiffs respectfully request that, if the Court grants the request for a discovery stay, the Court also stay the statute of limitations for plaintiffs' § 1983 claims during the pendency of the discovery stay and for sixty days thereafter in order for plaintiffs to: (1) receive and review discovery regarding the identities of additional NYPD officers involved in the incident and (2) amend the complaint pursuant to the Federal Rules.

The unlawful search and false arrest claims accrued on January 1, 2019 and plaintiff Dennis Simon's malicious prosecution claim accrued on February 4, 2019, when the parole charges were dismissed.  The statute of limitations for § 1983 claims brought in federal courts in New York State is three years.  In addition, the statute of limitations for Plaintiffs' § 1983 claims was tolled for 228 days pursuant to New York Executive Order 202.8 and subsequent orders extending the tolling period.  *See McDonald v. City of N.Y.*, No. 20-CV-4614 (MKB), 2022 U.S. Dist. LEXIS 84310, at *7-8 (E.D.N.Y. May 10, 2022) (collecting cases).  Accordingly, the deadline for the false arrest and unlawful search claims is August 17, 2022 and the deadline for the malicious prosecution claim is September 20, 2022.

It is well established that §1983 claims may be subject to equitable tolling because compliance with the statute of limitations is not a jurisdictional bar to such. *Jefferson v. Kelly*, No. 06-CV-6616 (NGG) (LB), 2008 U.S. Dist. LEXIS 32954, at *10 (E.D.N.Y. Apr. 21, 2008) (noting that in a § 1983 action "that a statute of limitations is not jurisdictional, but rather is subject to waiver, estoppel, and equitable tolling."). "Under the doctrine of equitable tolling, a court may,

under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003).

"When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

While courts usually address equitable tolling in the scenario in which a party raises the doctrine after a deadline has passed, federal district courts have the power to grant prospective equitable tolling. *See Brown v. Davis*, 482 F. Supp. 3d 1049, 1058 (E.D. Cal. 2020) (granting prospective equitable tolling of the applicable statute of limitations in a habeas proceeding and extending the deadline for petitioner to file federal habeas petition). As the Supreme Court has recognized, "[t]he flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (internal quotation marks omitted).

In the Complaint, plaintiffs allege that, in addition to the named individual defendants, several NYPD officers, whose identities are not known to plaintiffs, participated in the search of plaintiffs' apartment and the arrest and prosecution of plaintiff Dennis Simon. Plaintiffs have made diligent efforts to discover the identity of those NYPD officers. For example, counsel for plaintiffs submitted a FOIL request to NYPD in November 2021 seeking information and documents sufficient to identify the NYPD officers involved. The NYPD has not responded to this request. At the beginning of this action, plaintiffs submitted early Rule 34 Requests pursuant to Fed R. Civ. P. 26(d)(2) seeking documents that identified the NYPD officers involved. City Defendants responded with very limited documents. More recently, plaintiffs served a second set of document requests in April 2022, along with interrogatories seeking to identify City employees involved in the search and arrest of Dennis Simon. City defendants have not responded to the interrogatories or document requests and have not produced additional documents, citing an ongoing criminal investigation and their anticipated motion for a stay. Subsequently, discussions between the Plaintiffs and City defendants from mid-June until present day have not fully resolved the matter.[1]

On August 12, 2022, City defendants supplemented their initial disclosures and identified several NYPD detectives who have knowledge about the "facts and circumstances surrounding [the] homicide investigation." While plaintiffs appreciate that City defendants have made efforts to identify the officers involved in the incident, their refusal to provide more fulsome discovery has prevented plaintiffs from ascertaining the identities of the people responsible for plaintiffs' injuries and it is unclear, based only on the Rule 26 disclosures, what role these detectives played in the incident. In addition, the fact that City defendants just supplemented their

---

[1] In addition, plaintiffs have served document demands on the City in an action filed in state court arising out of the same incident. To date, the City has also refused to provide documents in that matter.

initial disclosures only reinforces Plaintiffs' belief that there may still be other as-yet-unidentified NYPD officers who may be defendants in this case. As City defendants acknowledge, there may be "individual patrol officers who may have safeguarded plaintiffs' residence" at some point during the search, and none of those officers have yet been identified.

Accordingly, plaintiffs respectfully request that the Court equitably toll the statute of limitations during the pendency of the stay of discovery and for sixty days thereafter. *Cf. Byrd v. Abate*, 964 F. Supp. 140 (S.D.N.Y. 1997) (holding that not allowing relation back in a circumstance where defense counsel failed to identify an individual defendant before expiration of the statute of limitations would permit the defense "to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended.").

Based on the foregoing, City defendants respectfully request that the Court: (1) stay the instant matter until November 14, 2022; and (2) adjourn *sine die* all deadlines in this case. Plaintiffs respectfully request that the Court stay the statute of limitations for plaintiffs' § 1983 claims during the pendency of the discovery stay and for sixty days thereafter.

The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

**/s/ Elida M. Alfaro**

Elida M. Alfaro
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (By ECF)